## GUNVOR HANSEN
### vs.
## NELLIE M. PEASE

Superior Court     New London County     File #12148

Present:  Hon. ALFRED C. BALDWIN, Judge.

George C. Morgan,        Attorney for the Plaintiff.

Brown & James,        Attorneys for the Defendant.

### MEMORANDUM FILED MAY 5, 1937.

BALDWIN, J.  The plaintiff, a young woman twenty-three years of age, employed in a candy store in New London, on Saturday evening, October 3rd, 1936, after the store closed at ten o'clock, with a female companion, a New London school teacher, and two male companions (the names of all of these companions were undisclosed because of the school teacher) proceeded to a road house outside of New London, where, according to the plaintiff, her companions "drank heavily".

They arrived at the road house about 10:30 in the evening. About one o'clock in the morning of the 4th, plaintiff wanted to go home.  She "didn't think (she) had finished her third drink", she testified.  From the evidence in the case I am convinced she was more drunk than sober.

She was observed outside of the road house by the defendant's son (who with some companions were using the defendant's automobile) in a heated argument with some man. She seemed to want to go home.  Defendant's son went to her and the one she was arguing with and, addressing him, asked if she wanted to be taken home.  He made no objection and as she wanted to go defendant's son assisted her into the automobile he was driving.  This assistance was required since she was so unsteady on her feet, as she also was in her voice, as a result of her intoxicated condition.

On the way home an accident occurred in which she was injured. She testified that the driver of the car drove at a terrific rate of speed, despite her repeated warnings from the time they left until the accident, to which he paid no attention —which testimony sounds so familiar in some of these actions where, in order to recover, it becomes necessary to get some testimony before the jury that becomes evidence of reckless-ness upon which a jury may base a verdict. Upon the wit-ness stand she displayed some evidence of "smartness" and satisfaction in her personal appearance.

Recklessness, heedlessness and negligence were defined to the jury and the distinction between negligence and reckless-ness and heedlessness was pointed out. While the testimony of the plaintiff I could not believe, the jury had the right to find it credible and base its verdict upon it, and to set it aside, with the record disclosing the testimony, untrue as I believe it to be, would avail the defendant nothing upon the appeal which in all probability would follow. Therefore the motion is, reluctantly, denied.